Wildman v. Radenaker.

---

## WILDMAN v. RADENAKER.

UNDER a mortgage of personal property, not made in pursuance of the provisions of the Chattel Mortgage Act, the mortgagee is entitled to the possession of the property.

W. sued R. to recover certain personal property, and at the time of commencing the action upon the usual affidavit, bond and order, procured the property to be taken from defendant and delivered to him. From the pleadings and evidence, it appeared that the property had been mortgaged by W. to R. to secure a loan of two hundred dollars and interest; and that after the commencement of the action, plaintiff had tendered to R. the amount of the debt and interest, and was still ready to pay the same: *Held,* that R. being a mortgagee was entitled to the possession of the property when the action was commenced, and that he should have judgment in his favor for costs; but that under the offer of plaintiff to pay the mortgage debt, R. was not entitled to a judgment for the return of the property to him.

APPEAL from the Sixth Judicial District.

Action to recover the possession of two horses, a hack and harness. The complaint states that the plaintiff is the owner, and

entitled to the possession, and that defendant wrongfully retains the property. The answer denies the ownership of plaintiff, and avers that plaintiff sold the property to one F. S. Malone, and afterwards mortgaged it to defendant to secure two hundred dollars and interest, defendant being at the time ignorant of the sale to Malone; that afterwards discovering the sale, defendant was compelled, in order to save himself, to purchase the property of Malone, which he did at the price of two hundred and thirty dollars—Malone delivering to him the possession. The property having been delivered to the plaintiff on affidavit and order at the commencement of the action, the answer prays for its return to defendant. The replication avers that the bill of sale from plaintiff to Malone, though absolute upon its face, was intended as a mortgage to secure money due from plaintiff to him; that defendant knew this at the time of taking his mortgage, and was present when plaintiff paid Malone two hundred dollars in order to release his claim and enable plaintiff to mortgage to defendant; that the bill of sale from Malone to defendant was a fraud, and that defendant fraudulently procured the possession of the property through Malone and by his connivance; that at the same time that the written mortgage was executed by plaintiff to defendant, there was a verbal understanding that plaintiff should retain possession of the property for three months, which had not yet expired; that plaintiff had tendered to defendant the two hundred dollars and interest, for which the property was mortgaged to him, which defendant refused to receive, and that he is still ready and now offers to make said payment.

The jury, together with a general verdict for defendant, found, specially: that the bill of sale from plaintiff to Malone was a mortgage, and that Malone delivered the possession to plaintiff to enable him to make the mortgage to defendant; that the value of the property was five hundred dollars; that plaintiff had tendered to defendant the full amount due him, for which the mortgage was executed.

The Court rendered a general judgment for defendant, but denied his motion for judgment that the property be returned to him.

Defendant moved for a new trial, which was overruled, and from this order and the judgment, the defendant appeals.

Wildman v. Radenaker.

*E. B. Crocker*, for Appellant.

I.   The bill of sale from plaintiff to Malone being absolute in its terms, the plaintiff in this suit had no right to show that it was intended as a mortgage.

Such proof might be admissible in a suit between plaintiff and Malone, but not in a suit where Malone is not a party.   (2 Hill. Mort. 287, 289 ; 6 Cal. 122.)

Where the mortgage of personal property is silent on the subject of possession, the mortgagee is entitled to possession.   (14 Cal. 89 ; 4 Blackf. 425.)   And parol proof is not admissible to show that the mortgagor was to retain possession, when the mortgage is silent upon the subject.   (2 Kent. 515 ; 4 Blackf. 425 ; 16 Mass. 39.)

II.   Defendant's possession of the property was legal and rightful, and he could not be made a trespasser by the subsequent tender of money.   (Morris Replevin, 42 ; *Gates* v. *Lounsbey*, 20 J. R. 427 ; 19 Wend. 498.)

*Coffroth* and *Spaulding*, for Respondent.

Cope, J. delivered the opinion of the Court—Field, C. J. and Norton, J. concurring.

This is an action to recover possession of specific personal property, of which the plaintiff alleges that he is the owner.   The defendant sets up a right to the possession under a mortgage executed to him by the plaintiff, and under a bill of sale to one Malone. The judgment is in favor of the defendant for costs, but the plaintiff having replevied the property, the defendant appeals, and contends that he is entitled to a judgment for its return.

So far as the mortgage is concerned, there is no doubt that it constitutes a valid defense, and no error has been committed unless the defendant is entitled to a return.   The property is not such as could be mortgaged under the provisions of the Chattel Mortgage Act, and the mortgage was not executed with reference to that Act.   Its effect is to be determined by the rules of the common law ; and it is a well settled rule of that law that a mortgage of personal property

40

entitles the mortgagee to the possession. (1 Parsons on Contracts, 455, note C.) It appears, however, that after the suit was brought, the plaintiff tendered to the defendant the amount secured by the mortgage, and this we regard as a sufficient answer to the demand for a return of the property. Immediately upon its return, the plaintiff would have a right of action for its recovery, and the effect of the judgment would be to take the property from the person legally entitled to it.

The right asserted under the bill of sale from Malone is not available either as a defense, or for the purpose of obtaining a return of the property. Malone was the original owner of the property, and the plaintiff purchased it of him, giving back a bill of sale to secure the payment of a portion of the purchase money. An arrangement was entered into by which it was agreed that upon the payment of two hundred dollars, control of the property should be relinquished to the plaintiff, and the amount was paid and the property removed from the premises of Malone. The evidence shows, and the jury finds, that the object of the arrangement was to enable the plaintiff to mortgage the property to the defendant, and its effect was to extinguish the claim of Malone as a lien. The balance of the claim, if there be any, still exists as a personal obligation, and may be enforced as such, but is not a lien upon the property, and cannot be used to defeat an action for its recovery.

The judgment is affirmed.