[No. 12457. In Bank. — May 25, 1888.]

JAMES LAUGHLIN, APPELLANT, v. S. G. THOMP-
SON, RESPONDENT.

EVIDENCE — ADMISSION OF IRRELEVANT — REVIEW ON APPEAL. — Error in
admitting irrelevant evidence will not be reviewed on appeal, unless
objection to its admission on the ground of irrelevancy was made at the
trial.

CLAIM AND DELIVERY — SUFFICIENT ANSWER — GENERAL DEMURRER —
IRRELEVANT MATTERS OF DEFENSE. — An answer in an action of claim
and delivery, which denies the ownership of the plaintiff, is not obnoxious
on a general demurrer, although other irrelevant matters are set up
therein as a defense.

ID. — LIEN OF THIRD PERSONS ON PROPERTY — POSSESSION. — In an action
of claim and delivery, a defendant who has wrongfully taken possession
of the property cannot set up as a defense that other persons who are
not defendants have a lien on the property which entitles them to its
possession.

ID. — WRONGFUL POSSESSION BY CONSTABLE — ACTION TO RECOVER POS-
SESSION. — A defendant in an action of claim and delivery, from whose
possession the property is wrongfully taken by a constable, in pursu-
ance of a direction from the plaintiff, may maintain an action against the
officer to recover its possession.

ID. — JUSTIFICATION BY CONSTABLE. — A constable is not justified in taking
the property in controversy in an action of claim and delivery from the
possession of the defendant, upon a direction so to do by the plaintiff,
unless he receives from the plaintiff an affidavit, order, and undertaking
substantially complying with sections 510, 511, and 512 of the Code of
Civil Procedure.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The action was brought to recover the possession of cer-
tain lumber or its value. The lumber in question was part
of the cargo of a vessel which was wrecked in February,
1887, and which was rescued by Frederick Wilson and
others from the sea. The plaintiff having taken posses-
sion of the lumber from Wilson and the other salvors,
they brought an action of claim and delivery in the
justice's court to recover its possession. In that action,
the defendant, Thompson, a constable, took possession of
the lumber from the plaintiff. The plaintiff thereupon

brought the present action. Judgment was rendered in favor of the defendant, from which the plaintiff appealed. The further facts are stated in the opinion of the court.

*P. W. Dooner*, for Appellant.

*S. M. Payton*, for Respondent.

McKINSTRY, J.—The action is to recover certain lumber or its value.

The court below did not err in overruling the plaintiff's general demurrer to the second amended answer. The answer denies that the plaintiff is or was the owner of the property described in the complaint, and denies that the property is of greater value than three hundred dollars. The answer admits the defendant to be in possession of the property, and admits the demand of plaintiff for a delivery of the property and defendant's refusal. The narrative of the wreck of the vessel San Luis, and the rescue of a portion of her cargo by Frederick Wilson and other persons, however impertinent to a determination of the rights of the parties herein, cannot be said to make the answer "ambiguous, unintelligible, or uncertain." And so of the insufficiency of the defendant's averment of facts which would constitute a justification of his seizure of the property, as constable, if they are insufficient. They do not render the answer ambiguous.

Most of the testimony of Frederick Wilson, as set forth in the bill of exceptions, was totally irrelevant; but the plaintiff did not object to it on that ground, but only objected to its being admitted previous to evidence upon another point.

The appeal is from the judgment alone, and the court below failed to find upon the material issues made, or attempted to be made, by the answer. There is no finding upon the averments of the facts which would alone justify the defendant in taking the property out of the possession of the plaintiff.

At the trial, evidence was or was not given of the institution and pendency of the alleged action brought by Wilson against the present plaintiff in the justice's court, that plaintiff was constable, and that as such he received from the plaintiff in that action an affidavit, order, and written undertaking, substantially complying with sections 510, 511, and 512 of the Code of Civil Procedure. If the evidence was given, the court should have found in favor of the defendant upon his plea purporting to justify a taking otherwise wrongful. If the evidence was not given, the court should have found against the defendant upon that plea.

The foregoing assumes the justification to have been sufficiently pleaded, in the absence of a specific demurrer, or of a general demurrer addressed to the particular defense.

The admitted case is, that plaintiff was in possession, and that the property was taken out of his possession by the defendant. The plaintiff's possession gave him a right of action against a mere trespasser. Such the defendant was, unless he was a constable, who could justify the taking by the affidavit, indorsed order, and undertaking above mentioned. But the court did not find upon the facts pleaded by the defendant to justify his taking, and the plaintiff's implied denial thereof.

There is no averment in the answer that the property was delivered to the plaintiffs in the action brought in the justice's court; on the contrary, it would appear from the answer that defendant holds the property subject to the further order of that court, or of the court to which the former action has been appealed. He did not take the property as agent of the plaintiffs in the justice's court, but as an officer claiming the right to take it by virtue of appropriate power or authority. Wilson and others are not parties to this action, and their right to salvage, if any they have, and to the possession of the property

to secure their lien for salvage, constitutes no defense for the defendant in the present action.

When property is in the possession of the defendant to an action, the writ of attachment alone, if issued by competent authority and regular on its face, protects the sheriff or constable. (Pol. Code, sec. 4187.) But in case of "claim and delivery," the affidavit, order indorsed thereon, and undertaking, all go into the hands of the officer, and constitute the *process*. He must determine whether they are regular and sufficient. Moreover, a defendant can have an *attachment*, issued by the court, set aside when it has been improperly issued. (Code Civ. Proc., sec. 556.) There is no such provision with respect to property taken under the chapter as to claim and delivery. Even if a defendant in an action cannot sue an officer who attaches his property while the attachment suit is pending, it does not follow that a defendant, in an action for the recovery of specific personal property, cannot sue for the recovery of the possession of property wrongfully taken by a constable without any right. The mere direction to a sheriff or constable by a plaintiff in an action of "claim and delivery" to take property from the defendant confers no color of authority upon the officer.

The cause was determined in the court below as if it had been an action against the alleged salvors; the court holding that the plaintiff could not maintain an action for the recovery of the property, without a tender (to them?) of the amount of the lien. The judgment dismissed the action, and gives the "defendants" their costs.

On the return of the cause to the court below, it will be for the parties to apply to the court to amend their pleadings as they shall be advised. The answer should clearly show that when the defendant took the property from the plaintiff, he was armed with an affidavit, con-

taining, substantially, the matters required by law to be stated in it, and with a sufficient order and undertaking.

Judgment reversed, and cause remanded for a new trial.

SEARLS, C. J., PATERSON, J., McFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.