[Civ. No. 1532.    Second Appellate District.—March 4, 1915.]

## A. E. KEPNER, Appellant, v. JOHN M. C. MARBLE COMPANY (a Corporation), Respondent.

LEASE—ACTION TO REFORM AND RESCIND—ALLEGED MISTAKE IN EXECUTION—FAILURE OF CONSIDERATION.—In this action for the reformation of a certain lease made by defendant to plaintiff and, as reformed, to have the same, together with a chattel mortgage made by plaintiff to defendant and a bill of sale made by defendant to plaintiff, all executed in connection with the said lease, rescinded for failure of consideration, the reformation asked, being the insertion in the original lease of an alleged oral agreement whereby, it is claimed, defendant obligated itself, at the request of plaintiff, to construct an additional story upon the leased premises, it is held that the evidence fully justified the trial court in finding that the plaintiff was not entitled to have the lease reformed in the manner prayed for.

ID. — REFORMATION OF WRITTEN CONTRACT — GROUNDS. — The grounds which will justify the reformation of a written contract are: 1. Fraud; 2. A mutual mistake of the parties; and, 3. A mistake of one party which the other at the time knew or suspected.

ID.—ORAL AGREEMENT TO CONSTRUCT THIRD STORY ON LEASED PREMISES—INADMISSIBILITY OF.—In such a case where plaintiff contended that defendant orally agreed to construct in the spring, if so requested by plaintiff, a third story upon the two-story apartment house covered by the lease, and to lease it to plaintiff for an annual rental equal to ten per cent of its cost, which alleged oral agreement was wholly disconnected with the written lease and chattel mortgage given to secure it, while defendant might be liable for breach thereof, noncompliance with the oral agreement constituted no defense to the enforcement of the written lease and chattel mortgage, the terms of which must be construed according to the plain import of the language used therein; and such oral agreement was inadmissible in evidence under sections 1625 and 1639 of the Civil Code.

ID. — DESCRIPTION OF LEASED PREMISES — LEASE FOR MORE THAN ONE YEAR—SECTION 1624, CIVIL CODE.—In such a case the oral agreement, calling for a three-story building, was in conflict with the description of the premises in the written lease, calling for a "two-story frame apartment house"; and if the oral agreement required the lessor to build new or additional premises and to lease the same to the lessee for a term for more than a year, it was void under subdivision 5 of section 1624 of the Civil Code.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Robert G. Loucks, for Appellant.

Oscar A. Trippet, and John E. Biby, for Respondent.

SHAW, J.—This was an action for the reformation of a lease made by defendant to plaintiff and, as reformed, to have the same, together with a chattel mortgage made by plaintiff to defendant and a bill of sale made by defendant to plaintiff, all executed in connection with the said lease, rescinded for failure of consideration. Defendant answered, denying the material allegations of the complaint, and also filed a cross-complaint for the foreclosure of the chattel mortgage given it by plaintiff.

The court gave judgment for defendant and rendered a decree for the foreclosure of the chattel mortgage, from which, and an order denying his motion for a new trial, plaintiff prosecutes this appeal.

In August, 1909, defendant was the owner of a two-story apartment house in the city of Los Angeles, known as the Boylston Apartments, together with certain furniture contained therein. As a result of negotiations between the parties it was, on August 31, 1909, orally agreed that defendant would sell to plaintiff the said furniture for the sum of one thousand eight hundred dollars in cash and lease said apartment house to him for a term of five years from September 1, 1909; it being understood that plaintiff should execute to defendant a chattel mortgage upon said furniture to secure the payment of the rent of said premises to the extent of not exceeding two thousand dollars. It was further orally agreed, if plaintiff should so elect and request, defendant would in the spring of 1910 construct a third story upon said apartment house, in which case and upon the construction of which plaintiff would lease it, paying therefor as rental during the balance of the term specified in said lease ten per cent per annum upon the cost of such construction. Defendant prepared the lease, together with the bill of sale of

the personal property and the chattel mortgage, and on September 3, 1909, plaintiff went to the former's office, where the documents were presented to him for his approval and execution. After a half hour's examination and consideration thereof, he executed the lease and chattel mortgage (retaining duplicate copy of the lease), and received from defendant the bill of sale to the furniture sold to him and which was covered by the chattel mortgage. The lease contained mutual covenants usual in such instruments, but made no reference to the fact orally stated by defendant that it would in the spring of 1910, if desired by plaintiff, add to said apartment house a third story for which plaintiff should pay the rental as hereinbefore mentioned.

Plaintiff entered into possession of the demised premises and on November 1, 1909, the parties executed a supplement to the lease, which, after reciting that the lessor, at the request of the lessee, was about to complete improvements (which consisted of a steam-heating plant) at a cost of one thousand one hundred and fifty dollars upon the premises, made upon the understanding with the lessee that he should pay an increased yearly rental of ten per cent thereon, and further that, "whereas, it may become desirable during the term of the lease to make further improvements upon the premises which will inure to the advantage of the lessee," provided that plaintiff should pay said additional rental, commencing on December 1st, and which supplement contained the further provision: "And it is further agreed that in the event that, at the instance and request of the lessee, the lessor shall construct upon, or add other improvements to the premises, the lessee shall pay an additional rental of 10% of the actual cost thereof to the lessor." On January 20, 1910, plaintiff demanded that defendant erect the third story upon said apartment house, but defendant refused to comply therewith for the reason that such structure would be in violation of a city ordinance.

The reformation asked is the insertion in the original lease of the alleged oral agreement whereby, it is claimed, defendant obligated itself, at the request of plaintiff, to construct an additional story upon said apartment house. The grounds which will justify the reformation of a written contract are: 1. Fraud; 2. A mutual mistake of the parties; and, 3. A mistake of one party which the other at the time knew or

suspected.  Not the slightest ground exists for claiming that, with intent to deceive the plaintiff, defendant represented that the lease as reduced to writing did contain the alleged oral covenant.  Moreover, defendant did not occupy a fiduciary relation toward plaintiff; hence he was dealing with it at "arm's length" and was not justified in relying upon such representations, even though they were made.  Neither does it appear that the provision omitted therefrom was due to mutual mistake of the parties.

As we understand appellant's contention, it is that the omission was due to his mistake, since it was his intention to have it inserted, and believed it was so incorporated, which facts the defendant at the time knew or suspected.  That plaintiff intended to have the provision incorporated in the lease is wholly inconsistent with the fact that he spent a half hour or so examining that and other papers and retained in his possession a duplicate of the lease, which presumably, by reason of its importance and in view of the fact that he, as stated, did not examine it carefully before its execution, must thereafter have acquainted himself with its contents; and likewise inconsistent with the fact that two months later he executed the supplement thereto, wherein he made no reference to the alleged obligation of defendant to construct a third story, or make other improvements other than such as defendant at its option might make.  There is no evidence that it was ever agreed orally that the written lease should embody such provision.  As said by the trial court: "Unless it was understood or intended by the parties that the terms of their agreement respecting the third story should be incorporated into their written lease of the two-story building, there is no ground for a reformation."  Appellant cites the case of *Los Angeles Co.* v. *New Liverpool Co.,* 150 Cal. 21, [87 Pac. 1029], wherein, supported by numerous authorities, it is said (quoting from the syllabus); "The mere failure of a party to read an instrument with sufficient attention to perceive an error or defect in its contents will not prevent its reformation at the instance of the party who executes it thus carelessly."  The principle there enunciated cannot aid appellant in the case at bar, since the court upon sufficient evidence finds that it was not the intention of the parties to incorporate the provision in the lease.  Conceding, however, that plaintiff did intend to have it embodied in the lease and

believing it was so inserted, signed the lease, and that his failure to note such omission therefrom was due to his own carelessness, notwithstanding which fact he would, provided the mistake was at the time known to or suspected by defendant, be entitled to have it reformed, the evidence in the case wholly fails to establish such knowledge on the part of defendant, or even disclose reasonable grounds upon which to base the suspicion that plaintiff executed the instrument under a mistaken belief that it contained the provision. The evidence and circumstances proven, together with the inferences fairly deducible from such circumstances, fully justified the court in making findings of fact from which it properly concluded that plaintiff was not entitled to have the lease reformed in the manner prayed for.

The oral contract was one wholly disconnected with the lease and chattel mortgage given to secure payment of the rent reserved therein. By it defendant agreed to construct in the spring, if so requested by plaintiff, a third story upon said two-story apartment house and lease it to plaintiff for an annual rental equal to ten per cent of its cost. While defendant might be liable for a breach thereof, such noncompliance constitutes no defense to the enforcement of the lease and chattel mortgage, the terms of which, as we have seen, must be construed according to the plain import of the language used therein. To quote from the opinion of the trial judge: "If the oral agreement respecting the third story be regarded as an agreement requiring the lessor to make improvements in or upon the leased premises, then it is in direct conflict with the provision of the written lease that the lessor shall not be required to make any improvements, and therefore such oral agreement is inadmissible under the provisions of sections 1625 and 1639 of the Civil Code. (*Tracy v. Union Iron Works,* 104 Mo. 193, [16 S. W. 203].) It would also conflict with the description of the premises described in the written lease. The leased premises are described in the written lease as a 'two-story frame apartment house.' The performance of the agreements respecting the third story would convert the leased premises into a 'three story frame apartment house.' If the oral agreement respecting the third story requires the lessor to build new or additional premises and to lease the same to the lessee for a term beginning in the spring of 1910 and ending with the term

described in the written lease of the original two story build-
ing—a term of more than four years—and to lease the same
at a rental equal to ten per cent of the cost of building such
new or additional premises, then the contract is in effect
a contract for a lease of a premises for more than a year,
and it is void under subdivision 5, section 1624 of the Civil
Code.''

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on May 3, 1915.