[Civ. No. 1876. Second Appellate District.—September 12, 1917.]

MINNIE RHOADES, Respondent, v. GEO. LYONS and FLETCHER COLLECTION AGENCY (a Corporation), Appellants.

HUSBAND AND WIFE—AUTOMOBILE IN POSSESSION OF WIFE—SEPARATE PROPERTY—ATTACHMENT.—An automobile in possession of a wife under a contract of conditional sale made by her as a separate property transaction and upon which all payments had been made by her out of her own separate property is not community property, and not subject to attachment in an action against her husband.

ID.—CONDITIONAL SALE — ASSIGNMENT WITHOUT KNOWLEDGE OF PURCHASER — INSTALLMENT PAYMENT — DEFAULT.—Where the vendor under a contract of conditional sale makes a sale of the property and an assignment of the contract without the knowledge of the purchaser, and the purchaser mails to the vendor a money order for the payment of an installment note in time, the purchaser cannot be charged with defaulting in payment, notwithstanding the assignee did not receive the payment until after the time for making such payment had expired.

ID.—CLAIM AND DELIVERY—RIGHT TO RECOVER—LOSS BEFORE TRIAL—PLEADING—SUPPLEMENTAL ANSWER.—In an action in claim and delivery, the right of the plaintiff to recover depends upon the existence of the cause of action at the time of the commencement of the action, and if the defendant claims that the plaintiff has subsequently lost the right, such fact must be shown by supplemental answer.

ID.—FINDING — NEGATIVE OF AFFIRMATIVE DEFENSE.—A finding that plaintiff was the owner and entitled to possession is a sufficient affirmative finding as to a defense that plaintiff had defaulted in the payment of installments due upon the property sought to be recovered and had forfeited all right thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Geo. P. Cook, for Appellants.

Charles S. McKelvey, for Respondent.

CONREY, P. J.—This is an action to recover possession of an automobile. Defendants appeal from the judgment. The record was prepared under the provisions of sections 953a and 953c of the Code of Civil Procedure. Accordingly we shall assume that counsel have inserted in their printed briefs all those portions of the record which they desire that we shall consider.

The plaintiff, Minnie Rhoades, is the wife of W. M. Rhoades. Defendant Lyons is a constable of Los Angeles Township, in Los Angeles County. On the eighth day of June, 1914, an action was pending in the justices' court of Los Angeles Township by Fletcher Collection Agency, plaintiff, to recover from W. M. Rhoades money claimed to be due on a contract. In that action and on that day, and pursuant to a writ of

attachment against the property of W. M. Rhoades, the automobile now claimed by the plaintiff, Minnie Rhoades, was seized by Lyons as constable and was by him taken from her possession. On July 8, 1914, Mrs. Rhoades commenced this action, which was tried on May 18, 1915. Thereafter the court entered judgment awarding possession of the automobile to Mrs. Rhoades; with the usual form of alternative judgment for the value of the property in case delivery thereof could not be had.

As applied to the rights of the parties on July 8, 1914, the evidence is sufficient to support the court's finding that Mrs. Rhoades was entitled to the possession of the automobile. On June 8, 1914, when the property was taken by the constable, it was in her rightful possession under a contract of conditional sale made to her by one R. C. Haskett. All payments on that contract had been made by Mrs. Rhoades out of her own separate property and she had made the contract as a separate property transaction. Her husband, W. M. Rhoades, had no interest in the automobile, and it was not community property. It follows that it was not subject to attachment in the action against W. M. Rhoades, and it was wrongfully taken from the possession of Mrs. Rhoades.

On July 8, 1914, the rights of Mrs. Rhoades under her contract had not been impaired in any degree. To understand the situation it is necessary to mention some other facts. The Haskett-Rhoades contract provided for payment of the consideration in monthly installments, beginning on March 4, 1914, the date of the contract, and ending with the final payment due on December 4, 1914. The deferred payments were evidenced by promissory notes. Under date June 12, 1914, for a valuable consideration, Haskett executed a bill of sale purporting to transfer the automobile to one Herbert T. Brown. Nothing was stated therein concerning the Rhoades contract, but Brown knew the terms thereof and that the notes had been given. The contract seems to have been delivered by Haskett to Brown, for Brown had it in his possession the next day, but it does not appear that the notes were delivered to him. On June 13, 1914, for a valuable consideration, Brown executed to Fletcher Collection Agency a written assignment of the bill of sale and also a written assignment of the contract, and delivered therewith both of said assigned documents.

Mrs. Rhoades had duly paid all of the notes, to and including the note due on June 4, 1914. It does not appear that on the second day of July, 1914, Mrs. Rhoades had been informed by anyone that Haskett had parted with his interest in the automobile or in the contract or in the notes; in fact, so far as appears, the notes were still in Haskett's possession. Acting upon the assumption that the next note was payable to Haskett, she sent to him on the second day of July a post-office money order, payable to the order of Haskett, for the amount of that installment. As the fourth day of July was Saturday, the payment could not be delinquent if made at any time on or before the 6th. (Civ. Code, sec. 11.) No objection was made to the money order as not the equivalent of legal tender of the money, nor is any question of that kind presented here. Upon receiving the money order Haskett sent it to Brown, who received it at least as early as July 6th and held it until July 9th. On that day Brown sent it back to Haskett, with a letter requesting that he indorse the money order and mail it to Fletcher Collection Agency. Instead of complying with that request, Haskett took the money order to the office of the attorney who at that time was representing the plaintiff in this action. Thereupon that attorney, with Haskett and Mrs. Rhoades and her husband, went together to the office of the Fletcher Collection Agency, where they waited an hour for the manager of the agency to arrive. As he did not come they then went away. No further payments of the notes appear to have been made. Upon the state of facts above shown, we are of the opinion that Mrs. Rhoades, when she commenced this action on July 8, 1914, had not defaulted on the July payment of her contract and that she then had a good cause of action to recover from the defendants the possession of the automobile.

But there is a further contention by appellants that the judgment should be in their favor, because at the time of the trial the right of possession of the disputed property had been lost by plaintiff and had passed to Fletcher Collection Agency. Appellants refer us to decisions holding that even though one of the parties has the right to possession at the time of commencement of a possessory action, he cannot recover if such right of possession has ceased before trial. The cited cases are *Bolander* v. *Gentry,* 36 Cal. 105, [95 Am. Dec. 162], and *Pico* v. *Pico,* 56 Cal. 453. In *Bolander* v. *Gentry* the court

said: "In order to maintain the action, a right to the possession must have existed in the plaintiff at the time of the commencement of the action. But if before the trial of the action his right to the possession has ceased, and the defendant has been required to deliver, and has delivered, the property to the party entitled to its possession, we do not see why that fact may not be set up, so as to defeat a recovery of the possession, or the value of the property. (*O'Connor* v. *Blake,* 29 Cal. 316.) It might not defeat a recovery of the costs of the action, or damages accrued up to the time the contingency happened, but why not defeat a recovery of the possession, or the value of the property? . . . Section 67 of the Practice Act provides that, 'where circumstances, occurring subsequently to the commencement of the action, render it proper, the same may be presented by supplemental pleadings, and issue taken thereon in the same manner as in the case of original pleadings.' " In that case the facts upon which the claim of the defendant depended had been presented by a supplemental answer. The language used by the supreme court plainly implies that without such supplemental matter, the defendant's answer would be construed as corresponding to the allegations of the complaint in that it would relate to the time of filing the complaint. This is a just rule, since the plaintiff's right to recover depends upon the existence of the cause of action at the time of commencement of the action, without which plaintiff cannot recover. Section 464 of the Code of Civil Procedure, which most nearly corresponds to section 67 of the Practice Act, reads as follows: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint or answer, alleging facts material to the case occurring after the former complaint or answer."

As we have determined above, the plaintiff at the time of commencement of this action was entitled to recover possession of the automobile. The only affirmative allegation contained in the answer of the defendants is "that the said plaintiff leased and rented said personal property under a contract of conditional sale providing that the title thereto would not pass until same was fully paid for; that the said plaintiff never completed the payments provided for in said contract of sale, but defaulted in same prior to the commencement of this action and thereby forfeited all her right, title, and in-

terest in and to the said personal property." In that state of the pleadings the court was not called upon to find facts relating to transactions which may have occurred while the action was pending. The judgment is partly based upon finding II, which states "that the plaintiff is and at all times mentioned in the plaintiff's complaint was the owner of and entitled to the possession of the automobile described in the plaintiff's complaint."

Appellants contend that the judgment must be reversed because the court failed to make any finding upon the affirmative facts referred to in the foregoing quotation from their answer. There is no specific finding directed to that allegation, but an adverse finding thereon is necessarily implied in finding II above stated. Finding II could not be true if the plaintiff had defaulted in her payments prior to the commencement of this action, or if she had thereby forfeited all her interest in the property and if (which was not alleged in the answer) the vendor, or any successor of him as such vendor, had exercised the option given him by the terms of the contract authorizing him to take possession of the automobile. Assuming that the affirmative matter pleaded was sufficient to constitute a defense, yet it was of a similar nature to that in *Churchill* v. *Baumann,* 95 Cal. 541, at page 545, [30 Pac. 770, 771], of which the court said: "This was not such new matter as is required to be specially pleaded, since neither its purpose nor effect was to discharge or avoid a cause of action theretofore existing, but to prove that the alleged cause of action never did exist, by showing that the material allegation of injury and damage to the plaintiff was not true. (Bliss on Code Pleadings, sec. 352 et seq., and authorities cited.) An affirmative finding of facts inconsistent with an averment, and from which it necessarily follows that the averment is not true, is a sufficient finding that the averment is not true. . . . In the case at bar, however, the averment of injury to plaintiff was specifically denied, and the facts found, being wholly inconsistent with the averment, are equivalent to a direct negative thereof, and are sufficient to support the judgment." So here the allegations of the complaint covering the matter of the plaintiff's right to possession were specifically denied, and the facts found being wholly inconsistent with the affirmative averments of the answer made in aid of those denials, are equivalent to a direct negative of

such affirmative averments, and are sufficient to support the judgment.

The judgment is affirmed.

James, J., and Shaw, J., concurred.