[Civ. No. 7756. First Appellate District, Division One.—February 29, 1932.]

SAMUEL MOSKOVITZ, Appellant, v. MARIE LeFRANCOIS et al., Respondents.

Albert Picard for Appellant.

Barrett & Barrett for Respondents.

GRAY, J., *pro tem.*—Appellant sued to recover the possession of certain furniture or its value, together with damages for its detention. After trial by the court, respondent recovered judgment for the value of the furniture, less rent due appellant. Claiming that respondent's cross-complaint stated a cause of action for the conversion of the furniture occurring after the commencement of this action and arguing that such an entirely separate and distinct cause of action is not a proper matter of cross-complaint, appellant assigns as error the overruling of his general demurrer to the cross-complaint. A proper consideration of these matters requires a summary of the pleadings.

The complaint alleged that appellant was entitled to possession of certain furniture of the value of $4,000 which respondent, as owner, had mortgaged to secure her lease of an apartment house owned by appellant; that the mortgage authorized appellant to take possession of the furniture and foreclose upon default in payment of rent; that respondent failed to pay rent of $1120 for April and May, and on May 21st wrongfully removed the furniture from the apartment house and still retains possession although plaintiff has demanded its surrender. The prayer sought possession of the furniture or its value, with damages for its detention. Briefly, the cross-complaint alleged the execution of the

lease and mortgage, appellant's ownership of the apartment house, his service upon her on May 17th of a three-day notice to pay rent or quit possession, her surrender of possession of the apartment house, the then accrual of rent of $940, her tender to appellant of the sum of $1120 and demand for return of the furniture, which the sheriff had replevied and delivered to appellant, the latter's refusal to comply with the demand and to satisfy the mortgage, appellant's sale, as a pledge, of the furniture to his son for $1140, and the furniture's value of $6,720. The prayer of the cross-complaint asked damages for conversion in a sum equal to the difference between said value of $6,720 and said accrued rent of $940.

Appellant's argument is largely based upon the fact that respondent's affirmative defense is called and is in the form of a cross-complaint. ■ If a plaintiff is not entitled to possession at the commencement of the action, a defendant need not affirmatively allege his right of possession but, under a general denial of plaintiff's right, may recover such possession, which plaintiff has obtained by a writ issued in such action. (*Pico* v. *Pico*, 56 Cal. 453.) However, if the plaintiff is entitled to possession at the commencement of the action, but his right ceased and vested in defendant prior to judgment, the latter must affirmatively allege such facts. (*Bolander* v. *Gentry*, 36 Cal. 105 [95 Am. Dec. 162] ; *Rhoades* v. *Lyons*, 34 Cal. App. 615 [168 Pac. 385].) ■ Since such facts do not give rise to a new cause of action in the defendant, but merely defeat plaintiff's recovery, they properly should be pleaded as an affirmative answer instead of a cross-complaint. (*Glide* v. *Kayser*, 142 Cal. 419 [76 Pac. 50].) However, this form of pleading has been recognized. (*Ackerman* v. *Schultz*, 178 Cal. 190 [172 Pac. 609].) It would have been a better form of pleading if the complaint and cross-complaint had each merely alleged generally a right of possession without setting forth evidentiary matters showing such right (*Summerville* v. *Stockton Milling Co.*, 142 Cal. 529, 547 [76 Pac. 243]), but the addition of evidentiary matters did not make the cross-complaint vulnerable to a general demurrer. (*Laughlin* v. *Thompson*, 76 Cal. 287 [18 Pac. 330].)

Passing from a consideration of its form to its substance, does the cross-complaint allege facts, which, if true, would

prove that right of possession had passed from appellant to respondent? ■ Respondent's surrender of the premises, pursuant to the three-day notice, terminated the lease and appellant's right to rent accruing subsequently. (*Costello* v. *Martin Brothers,* 74 Cal. App. 782 [241 Pac. 588]; *A. H. Busch Co.* v. *Strauss,* 103 Cal. App. 647 [284 Pac. 966].) The only debt then secured by the chattel mortgage was the rent accrued at the time of the termination. (*Bell* v. *Central Bank,* 89 Cal. App. 551 [265 Pac. 551]; *Miller* v. *Salomon,* 100 Cal. App. 756 [281 Pac. 89].) ■ Respondent's tender of the amount of that debt, although refused by appellant, extinguished the lien of the chattel mortgage, but not the debt, and respondent was then entitled to possession of the furniture. (*Wildman* v. *Rademaker,* 20 Cal. 615; 11 C. J. 679.) ■ So far it would appear that the facts pleaded constituted a good defense. Do the further facts pleaded change this conclusion? The cross-complaint further alleged that appellant, through a writ of replevin, had obtained the furniture and sold it to his son. Appellant had no right to sell, as it was his duty to retain the same so that it might be returned to respondent in the event that possession was so awarded by the judgment. (*Steele* v. *Marlborough Hall Corp.,* 100 Cal. App. 491 [280 Pac. 380].) It would therefore be illogical to hold that appellant's wrong could deprive respondent of her defense. Since the sale made any provision for the return of the furniture unavailing, the judgment would properly be for its value only. (*Peterson* v. *First Nat. Bank,* 101 Cal. App. 532 [281 Pac. 1104].) Furthermore, the allegation as to the sale did not change the issues as to right of possession, but merely affected the remedy. (*Henderson* v. *Hart,* 122 Cal. 332 [54 Pac. 1110].) The demurrer to the cross-complaint was properly overruled.

■ The court found the facts as alleged in the cross-complaint, except as to the sale of the furniture. As to this, it found that appellant, rather than his son, was the purchaser. Appellant argues that, as he was such purchaser, he could have redelivered the furniture to respondent and that, therefore, the judgment for its value, without alternative provision for its return as required by section 667 of the Code of Civil Procedure was erroneous. This argument ignores his testimony that, between his purchase

and the trial, he threw away, as worthless, a considerable portion of the furniture. Respondent was entitled to a return of all of the furniture and, if this was impossible, to a judgment for the value of the whole. (*Riverside Portland Cement Co.* v. *Taft,* 192 Cal. 643 [221 Pac. 357].) Since appellant's own testimony showed he could not return all the furniture, it was not necessary to provide in the judgment for its return. (*Erreca* v. *Meyer,* 142 Cal. 308 [75 Pac. 826].)

█ Appellant claims that certain findings are not supported by the evidence. Since the evidence as to the value of the furniture, as to appellant's retraction of the three-day notice and respondent's surrender of the premises, is conflicting, findings as to such matters cannot be here reviewed. (*Peterson* v. *First Nat. Bank, supra.*) █ Appellant further argues that the tender of two months' rent was insufficient, because there was then also due other sums secured by the mortgage, to wit, the cost of repair of the premises and cost of storage of the furniture. But the failure at the rejection of the tender to specify these objections and the amount claimed to be due, precluded respondent from so objecting at the trial. (Code Civ. Proc., sec. 2076; *Latimer* v. *Capay Valley Land Co.,* 137 Cal. 286 [70 Pac. 82].)

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 30, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1932.