[Civ. No. 8610. Fourth Dist., Div. Two. Feb. 20, 1968.]

CITY OF CYPRESS, Plaintiff, Cross-defendant and Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Defendant, Cross-complainant and Appellant.

Ives, Kirwan & Dibble and John Brevidoro for Defendant, Cross-complainant and Appellant.

Rutan & Tucker and Leonard A. Hampel for Plaintiff, Cross-defendant and Respondent.

McCABE, P. J.—The order granting the motion to strike portions of the answer to the complaint being non-appealable, the attempted appeal therefrom must be and is hereby ordered dismissed.

The dispute grows out of the purported obligation of the defendant and cross-complainant New Amsterdam Casualty Company to complete certain improvements in a subdivision after the default of the developer of that subdivision to do so, or in the alternative to indemnify the City of Cypress for its failure to do so.

On October 15, 1962, Ball Properties II, a California corporation, obtained the approval by the City of Cypress of a tentative subdivision tract map on certain terms and conditions, including in part, that the developer construct street improvements as required by the City of Cypress in the tract in question. On September 9, 1963, the developer requested that the City of Cypress grant an extension of one year for the submission of a final tract map. This request was granted for on January 8, 1964, the developer entered into a written contract with the City of Cypress, pursuant to Business and Professions Code, section 11611, which provided in part: ''That developer will at the sole cost and expense of developer construct and install all of the street improvements shown and delineated upon 'the plans for street improvement of tract 4421' now on file or to be filed in the office of the City Engineer of the City of Cypress; said 'plans for street improvement of tract 4421' are hereby referred to and made a part of this agreement as though fully set forth herein.

''2. To secure the faithful performance of this agreement, developer agrees to furnish to city good and sufficient bonds executed by a corporation authorized to transact surety business in the State of California and approved by city in the sum of $103,000.00 to assure the faithful performance of this agree-

ment; and in the sum of $103,000.00 to assure payment for labor and material in lieu of said bond, to deposit with city said sum.''

Simultaneously, based upon the '' 'plans for street improvement of tract 4421' '' prepared by and the costs of construction estimated by the City Engineer of the City of Cypress, New Amsterdam Casualty Company, hereinafter the ''Bonding Company,'' issued its performance bond securing the performance by Ball Properties II of the installment of the street improvements according to the plans for street improvements of tract 4421, City of Cypress, on file in the office of the city engineer.

On January 10, 1964, the developer, Ball Properties II, requested and received final approval of the subdivision tract map for tract 4421. The developer subsequently defaulted in the completion of the street improvements as required by the Street Improvement Agreement of January 8, 1964, and the Bonding Company took over the project completing part of it.

After the Bonding Company had started to complete the work contracted for by its principal, oil lines owned by Standard Oil Company were discovered beneath the surface of one of the proposed streets in an easement of public record. Before the proposed street could be graded as required by the Street Improvement Agreement, these oil lines had to be lowered. The Bonding Company, having expended some $28,194 in the completion of some of the improvements, contends it could not complete the required work ''as per 'Plans for Street Improvements' on file with the City Engineer'' until these oil lines were lowered. Alternately, the City of Cypress took the position that it was incumbent upon the Bonding Company to lower these oil lines pursuant to the Street Improvement Agreement of January 8, 1964, and its performance bond.

On April 1, 1965, the City of Cypress brought an action against the developer, the other principals, and the Bonding Company on the Street Improvement Agreement and on the performance bond. The Bonding Company filed an answer in which it raised as an affirmative defense the impossibility of completing the remaining required improvements because of the theretofore unknown existence of the oil lines, and, additionally, the Bonding Company filed a cross-complaint for reformation of the performance bond to exclude therefrom the cost of lowering the oil pipe lines.

Plaintiff city moved to strike the Bonding Company's answer to the complaint, to strike the cross-complaint and for

a summary judgment. Since the trial court granted a summary judgment on the cross-complaint, we are not here concerned with any ruling the trial court may have made on any purported motion for summary judgment on the complaint. The court granted the motion to strike the cross-complaint and entered a summary judgment in favor of the city on the cross-complaint.

The court granted the motion to strike a portion of the Bonding Company's answer to the complaint and entered an order accordingly. The orders granting the motions to strike are non-appealable orders. (*Swain* v. *Burnette,* 76 Cal. 299, 302 [18 P. 394]; 39 Cal.Jur.2d, *Pleading,* § 315.) The attempted appeal from the order granting the striking of certain portions of the answer to the complaint is ordered dismissed.

The order granting the striking of the cross-complaint is not an appealable order but may be reviewed on an appeal from the judgment. (*Yandell* v. *City of Los Angeles,* 214 Cal. 234, 235 [4 P.2d 947]; *Buck* v. *Morrossis,* 114 Cal.App.2d 461, 462 [250 P.2d 270]; *Keenan* v. *Dean,* 134 Cal.App.2d 189, 191 [285 P.2d 300]; 39 Cal.Jur.2d, *Pleading,* § 315.)

By the judgment entered and from which this appeal is perfected, the court granted a summary judgment on the cross-complaint. Procedurally, a cross-complaint is a separate pleading and represents a separate cause of action from that which may be stated in the complaint. (*Asamen* v. *Thompson,* 55 Cal.App.2d 661, 674 [131 P.2d 841]; 2 Witkin, California Procedure, § 566, p. 1570; cf. *Moskovitz* v. *LeFrancois,* 121 Cal.App. 310, 313 [8 P.2d 1049].) No appeal is pending on the record before us from any judgment on the cause of action stated in the complaint or from any other proceeding.

For the purposes of reviewing the order to strike the cross-complaint by reason of the appeal from the judgment, the allegations of the cross-complaint will be considered. By its cross-complaint, the Bonding Company sought reformation of the terms of its agreement (bond) wherein Ball Properties II, et al, were named as principal, City of Cypress was named as obligee and the Bonding Company was named as surety. The cross-complaint named the City of Cypress, the Ball Properties II, a limited partnership, Newland Development Company, a corporation, and other named individuals as cross-defendants. Ball Properties II and Newland Development Company were made cross-defendants and thus the Bonding Company named the principals on the surety bond furnished to the

City of Cypress and the signatories of the Street Improvement Agreement.

The Bonding Company's cross-complaint alleged that an oral agreement had been entered into between the cross-defendants which did not represent the true condition of the property to be improved in that each knew there was an easement to Standard Oil Company and a pipe line which would increase the cost of the installation of the streets. Further the cross-complaint Bonding Company alleges the written agreement known as the Street Improvement Agreement entered into on January 8, 1964, did not represent the true oral agreement and the parties by entering into the written agreement concealed from cross-complainant the true condition of the property and when it issued its performance bond to the city it did not know of the existence of the oil easement or of the oil lines. In its cross-complaint the Bonding Company alleges that the city knew of the easement and oil lines but did not consider them in calculating the cost of $103,000 in the total installation cost but should have done so because the cost would then have been greater than $103,000. Upon these facts the cross-complainant prayed the court to reform the performance bond to express only its liability to install the street improvements without the cost of moving or lowering the oil lines.

The evidence which is before us and the trial court is contained in the affidavits supporting and in opposition to the motions. The uncontroverted evidence was that the city and cross-complainant did not know of the existence of the underground pipe lines until approximately 15 months after the Street Improvement Agreement had been signed and after the cross-complainant had executed its bond to the city. The cross-complainant urges the city had a title report on the property before the agreement and bond were executed and the title report reflected a recorded easement to Standard Oil Company. From this fact the Bonding Company would impute knowledge to the city of the existence of an underground oil line. This argument fails to recognize the allegation that its principal knew of the easement and of the pipe lines at the time the cross-complainant Bonding Company executed its bond to the city guaranteeing the street improvements would be installed as its principal had agreed to do. Since its principal allegedly had knowledge of the easement and of the pipe lines, the cross-complainant could not have reformation of the terms of its bonds.

If the Bonding Company by its cross-complaint is seeking to reform the terms of the bonds relying upon a unilateral mistake, it must fail. There is no allegation that there was fraud, intentional concealment or other harsh practice on the part of the city.

Reformation for unilateral mistake is not available unless the mistake of one party was known or suspected by the other party at the time of the execution of the document. (Civ. Code, § 3399.) In the absence of such an allegation no cause of action for reformation is stated. (*Eagle Indem. Co.* v. *Industrial Acc. Com*, 92 Cal.App.2d 222, 229 [206 P.2d 877] ; *Kepner* v. *John M. C. Marble Co.*, 26 Cal.App. 696 [148 P. 231].)

Under these uncontroverted facts the trial court was correct in its application of and ruling on the law. (*Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 564 [277 P.2d 464] ; *Miller* v. *Joyce*, 138 Cal.App.2d 356 [291 P.2d 963].)

Under the facts of this case the liability of a surety is coextensive with that of the principal. (Civ. Code, § 2808 et seq.; *Bagley* v. *Cohen*, 121 Cal. 604, 606 [53 P. 1117] ; 46 Cal.Jur.2d, Suretyship and Guaranty, § 35; c.f. *County of Kern* v. *Edgemont Dev. Corp.*, 222 Cal.App.2d 874, 880 [35 Cal.Rptr. 629].) Consequently when the Bonding Company alleges and deposes his principal knew of the easement and pipe line, the Bonding Company has placed itself in the liability position commensurate with that of its principal. As a matter of law, it is liable for the principal's contracted obligations upon default by the principal.

The Bonding Company by its cross-complaint did not under the law state a cause of action. Upon proper motion the cross-complaint could be and was stricken with the resulting judgment summarily granted.

In considering the motion for summary judgment, the affidavits in support of it are to be strictly construed. (*Eagle Oil & Refining Co.* v. *Prentice*, 19 Cal.2d 553, 556 [122 P.2d 264]), and the affidavits in opposition are to be liberally construed. (*Fugate* v. *Cook*, 236 Cal.App.2d 700, 702 [46 Cal. Rptr. 291] ; *Elliott* v. *Occidental Life Ins. Co.*, 225 Cal.App. 2d 510, 514 [37 Cal.Rptr. 525]). Applying these rules, we do not find any justiciable issue. (*Burke* v. *Hibernia Bank*, 186 Cal.App.2d 739, 744 [9 Cal.Rptr. 890].)

Judgment affirmed.

Kerrigan, J., and Tamura, J., concurred.