## Otis M. Hitchings *vs.* Artemas Edmands & others.

Essex.   Nov. 3, 1881. — March 3, 1882.   C. Allen, J., absent.

A promissory note payable "on demand after date" is not a note "payable on time," within the meaning of the St. of 1874, c. 404.

Contract against the defendants as makers of a promissory note for $149.50, dated January 18, 1875, payable "on demand after date" to the order of the plaintiff.

At the trial in the Superior Court, before *Putnam*, J., it appeared that the note was signed by two of the defendants, and that the defendant Artemas Edmands placed his name, in blank, on the back of the note at the time of its execution, and before its delivery to the plaintiff.

There was no evidence of any notice to Artemas of the non-payment of the note; and he asked the judge to rule, that, as the note was made payable "on demand after date," it was a note "payable on time," and he was entitled to notice, under the St. of 1874, c. 404, the same as an indorser.

The judge declined so to rule, but ruled that the note was not a note "payable on time," within the meaning of the statute.

The jury returned a verdict for the plaintiff; and the defendant Artemas Edmands alleged exceptions.

*D. Dudley*, for the defendant.

*N. M. Hawkes*, for the plaintiff.

FIELD, J. In the opinion of a majority of the court, the promissory note on which this action was brought is not a note payable on time, within the meaning of the St. of 1874, *c.* 404.* It is an ordinary demand note, payable at once on demand, on which an action could have been brought immediately after it was given, without any demand.

This construction of the note renders it unnecessary to determine whether the St. of 1874, *c.* 404, relates only to such promissory notes as are expressly payable at a fixed and certain time after their date, or includes also promissory notes that are payable at some time after their date which may be made certain by some subsequent act or event.

It has been contended that the words "after date" qualify the meaning of the words "on demand" in such manner that the legal effect of all the words is that the note is payable on demand only after the day of the date, which must be excluded; and the general rule of law in computing time from the date, or from the day of the date, is relied on in support of this view. *Bemis* v. *Leonard*, 118 Mass. 502. It has become the general rule in the construction of a contract, when the time to be computed is one or more days, weeks or years, to exclude the day of the date or event, whether by the contract the time is to be reckoned from date or from the day of the date, or from some act or event. The day is not divided, because not only is a day a natural unit of time, but it is a fair presumption that it was not intended by the parties to such a contract to divide a day, since the time to be computed is made up of days as units of time; and the day is excluded because to include the day would require an act, which, by the contract, was to be done in one day from date, to be done on the day of the date, which is against the apparent intention of the parties.

But whenever it is necessary to divide a day in order to carry into effect the intention of the parties, this may be done, and the general rule of excluding the day which we have stated is

---

* The St. of 1874, *c.* 404, approved June 30, 1874, is as follows: "All persons becoming parties to promissory notes payable on time by a signature in blank on the back thereof, shall be entitled to notice of the nonpayment thereof the same as indorsers."

not applied in computations of time when a different intention appears on the face of the contract, and no such general rule has been established in the construction of contracts when acts are to be done within one or more hours, for example, after the date of the contract.

But the case at bar does not call for the computation of a fixed period of time from a date or event. The words " on demand after date " are more nearly analogous to such an expression as " with interest after date." If a promissory note payable on demand with interest after date is paid the next day after it is given, one day's interest is due and payable. In the case at bar, the intention of the parties to the note was apparently that it should be payable immediately, and no intention appears on the face of the note that the parties intended to stipulate for at least one day's time before a demand could be made.

As the note is not within the statute, the defendant Artemas Edmands is one of the makers of the note, and has none of the rights of an indorser.                    *Exceptions overruled.*