[No. 13090.   Department One. — December 6, 1889.]

JOHN O'NEIL, ADMINISTRATOR OF THE ESTATE OF MARGARET MAHONY, DECEASED, APPELLANT, *v.* DENIS MAGNER, RESPONDENT.

PROMISSORY NOTE — STATUTE OF LIMITATIONS — DEMAND. — A promissory note payable on demand is due immediately without an actual demand, and the statute of limitations commences to run at once from the time of its execution.

ID. — NOTE PAYABLE "ON DEMAND AFTER DATE." — A promissory note made payable "on demand after date" is an ordinary demand note payable at once, on which an action can be brought immediately after it is given.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*P. F. Dunne,* for Appellant.

A note payable "on demand after date" is payable only when a demand has been made after the date of the note, either directly or by suit brought. (*Clayton v. Gosling,* 5 Barn. & C. 360; *Andrews v. Franklin,* 1 Strange, 24; *Goss v. Nelson,* 1 Pa. St. 228; *Washband v. Washband,* 24 Conn. 500; *Thorpe v. Booth,* Ryan & M. 388; *Brown v. Rutherford,* 42 L. T., N. S., 659; *Hathaway v. Patterson,* 45 Cal. 294.)

*Sullivan & Sullivan,* for Respondent.

A note payable on demand is payable immediately without demand. (Story on Promissory Notes, 7th ed., sec. 29; Byles on Bills, 7th ed., Sharswood, 347; Angell on Limitations, 6th ed., 95; Wood on Limitations, 288–290; *Brummagim v. Tallant,* 29 Cal. 506; 89 Am. Dec. 176; *Cousins v. Partridge,* 79 Cal. 224.) A note payable on demand and "after date" is a demand note on which suit may be brought immediately. (*Hitchings v. Edmands,* 132 Mass. 338; *Fenno v. Gay,* 146 Mass. 118.)

WORKS, J. — Action on the following promissory note:—

"$12,000.          SAN FRANCISCO, May 1, 1887.

"On demand, after date, for value received, I promise to pay Margaret Mahony or order the sum of twelve thousand dollars in United States gold coin.

                         "DENIS MAGNER."

Defense, the statute of limitations. The action was commenced more than nine years after the date of the note. The only question in the case is as to the time when the note matured and the statute commenced to run.

The court below held that the action was barred, and rendered judgment for the defendant.

The appellant concedes that if this is a note payable "on demand," the same matured immediately, and the statute had run. But it is contended that as the note was made payable "on demand *after date*," it could not have matured at once, and that therefore an actual demand was necessary to put the statute in motion. The general rule is, that a note payable on demand is due immediately, without an actual demand, and that the statute commences to run at once. (*Brummagim* v. *Tallant*, 29 Cal. 506; 89 Am. Dec. 176; *Cousins* v. *Partridge*, 79 Cal. 228; Story on Promissory Notes, sec. 29; Angell on Limitations, sec. 59; Wood on Limitations, sec. 124.)

The language used in the note under consideration does not take it out of this rule. In *Hitchings* v. *Edmands*, 132 Mass. 338, the court said: "The words 'on demand after date' are more analogous to such an expression as 'with interest after date.' If a promissory note, payable on demand, with interest after date, is paid the next day after it is given, one day's interest is due and payable. In the case at bar the intention of the parties to the note was apparently that it should be payable immediately, and no intention appears on the face of the note that the parties intended to stipulate for at least one day's time before the demand could be made." So it was held that the note was an "ordinary demand note, payable at once on demand, on which an action could have been brought immediately after it was given." (*Fenno* v. *Gay*, 146 Mass. 118.)

These views apply to the note we are considering, and meet with our approval.

Judgment affirmed.

PATERSON, J., and FOX, J., concurred.