[S. F. No. 1552.   Department One.—September 29, 1900.]

P.  J.  HORAN,  Respondent,  v.  SARAH  HARRINGTON, Appellant.

CHATTEL MORTGAGE—WRITTEN OFFER OF PAYMENT — GOOD FAITH.—A written offer by the mortgagor to the mortgagee before the commencement of a foreclosure suit, to pay a specified sum in full payment and discharge of a chattel mortgage, is an offer of performance, which, in order to be available, "must be made in good faith, and in such a manner as is most likely, under the circumstances, to benefit the creditor," as required by section 1493 of the Civil Code.

ID.—INEFFECTUAL OFFER—FORECLOSURE—RECOVERY OF COSTS AND COUNSEL FEES.—Where no steps were taken, in connection with the written offer of payment, to extinguish the obligation, and it appeared in the action to foreclose the mortgage that the mortgagor had no money with which to make the offer good when it was made, and the court found from the evidence that the offer was not made in good faith, it must be deemed ineffectual for any purpose, and notwithstanding the recovery did not exceed the sum offered, the mortgagee was entitled to recover costs and counsel fees in the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

James H. Creely, for Appellant.

Wickliffe Matthews, for Respondent.

GAROUTTE, J.—This is an action brought to foreclose a chattel mortgage.   Defendant appeals from the judgment and order denying her motion for a new trial.

A few days prior to the commencement of the action defendant served on plaintiff an offer in writing to pay him one hundred and ninety-four dollars and interest, in full payment and discharge of the obligation.   No further steps were taken by defendant in reference to this offer, and it is now conceded that it did not have the effect of extinguishing the obligation.   But it is claimed by defendant that inasmuch as

the judgment subsequently rendered was for the amount specified in the written offer, that such offer, therefore, had the effect of depriving plaintiff of any right to a judgment for costs and attorneys' fees. Section 1493 of the Civil Code provides: "An offer of performance must be made in good faith and in such a manner as is most likely, under the circumstances, to benefit the creditor." Upon the question of good faith defendant testified that at the time the offer was made she did not have the money to make it good; and upon all the testimony the court made a finding of fact to the effect that the offer was not made in good faith. In view of this provision of the code, taken in connection with the evidence and the findings of fact, we are satisfied that the offer was entirely ineffectual for any purpose as bearing upon the judgment rendered.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.