[Civ. No. 603. Third Appellate District.—September 1, 1909.]

## SARAH LOUISA McCOY, Respondent, v. I. J. BUCKLEY, Appellant.

FORECLOSURE OF MORTGAGE—PROPER ALLOWANCE OF ATTORNEYS' FEES.— Where a mortgage sought to be foreclosed stipulated for attorneys' fees, and the court found against each defense set up in the answer against the attorneys' fees, the court properly allowed the stipulated attorneys' fees upon such foreclosure.

ID.—INSUFFICIENT DEFENSE—DEED OF TRUST FROM DEFENDANT'S PREDECESSOR—PAYMENT OF DEBT NOT ALLEGED—CONDITIONAL RELEASE.— No sufficient defense against attorney's fees is shown by an answer pleading a deed of trust from defendant's predecessor to plaintiff, of which a release is claimed by defendant, on condition of paying the mortgage, which does not allege payment of the debt secured by the deed of trust, nor show that it is not rightfully an existing encumbrance on the land.

ID.—APPEAL ON JUDGMENT-ROLL—CONCLUSIVENESS OF FINDINGS.—Where the appeal is on the judgment-roll, the findings of the court against the defendant appealing are conclusive.

11 Cal. App.—16

Id.—Findings—Absence of Tender—Willingness or Ability to Pay Mortgage Before Suit.—The findings of the court against averments in the answer that the defendant tendered and offered in writing before suit to pay the mortgage on condition of releasing the deed of trust, and that defendant was willing and able to pay the same upon such condition, negativing each of such averments, or that defendant was willing or able to pay said mortgage upon any condition, or at all, establish that no valid tender or offer was made before suit.

Id.—Insufficient Tender in Answer.—A tender made in the answer cannot defeat the right to attorneys' fees, where no money was deposited in court with the tender, and no averment of defendant's ability to make the tender good was alleged in the answer, and no offer was made under section 997 of the Code of Civil Procedure, to allow judgment to be taken for the amount due with costs incurred.

Id.—Requirements as to Offer of Performance.—An offer of performance must be made in good faith and in the manner most likely to benefit the creditor, and must be free from any conditions which the creditor is not bound on his part to perform, and is of no effect if the person making it is not able and willing to perform according to the offer.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Frank H. Farrar, for Appellant.

J. K. Law, for Respondent.

CHIPMAN, P. J.—This is an ordinary action to foreclose a mortgage executed by defendant I. J. Buckley upon certain land to secure the payment of his promissory note executed by said defendant and payable to defendant. The usual judgment on foreclosure was entered by the court from which defendant I. J. Buckley alone appeals on the judgment-roll. The court found that defendant Mary Buckley claims and has no interest in the mortgaged premises. The complaint is verified and the execution of the note and mortgage and nonpayment set forth in the complaint, not being denied, are admitted. The first defense made in the answer is a denial of the reasonableness of attorneys' fees claimed in the com-

plaint and denials of the averments that plaintiff had agreed to pay and has incurred any liability for attorneys' fees. The answer also alleges that the action, although the complaint is verified by plaintiff, was commenced without the knowledge or consent of plaintiff, and has been prosecuted for the purpose of enabling the attorney for plaintiff to collect a fee. The mortgage provides for payment of attorneys' fees in case of foreclosure, and the court found against defendant upon all the foregoing defenses.

As a further defense against the claim for attorneys' fees the answer sets forth at much length certain facts which may be summarized as follows: That in 1895, plaintiff being the then owner of the mortgaged premises, conveyed the same to one Jacobs who at the same time executed and delivered to plaintiff a deed of trust to the property to secure the payment of his promissory note given to her, and that the said instrument created a lien on the said premises and so remains as a cloud upon defendant's title to the land. It is not alleged that the indebtedness so secured has been paid. It is then averred that ''long prior to the commencement of this action, the defendant offered plaintiff, in writing, if she would satisfy and discharge of record  the lien created by said instrument in writing, this defendant would immediately thereafter pay to her the principal and interest due to her on the promissory note set forth in the complaint, . . . but plaintiff refused and neglected to comply with said offer.'' It is further averred that ''long prior to the commencement of this action  defendant was able and willing to pay to plaintiff the whole amount  of principal and interest due on said promissory note'' upon the discharge of said lien, all of which plaintiff well knew. ''And this defendant now comes and offers to pay to the plaintiff herein the full sum of principal and interest which is due to her upon said promissory note, set forth in plaintiff's complaint (not including, however, attorneys' fees and costs), immediately upon the satisfaction and discharge by her, of record, of the lien and cloud upon his title to the land and premises mentioned and described in the mortgage set forth in said complaint.'' Defendant prays that plaintiff take no judgment herein for attorneys' fees; that defendant recover judgment for $200, as damages for the wrongful prosecution by plaintiff of this action and for his

costs. The court found that plaintiff conveyed the premises to Jacobs, as alleged in the answer, who contemporaneously executed and delivered to plaintiff ''an instrument in writing which created a lien upon said land and premises mentioned and described in the mortgage set forth in the complaint of plaintiff herein,'' and that the said lien continued to and at the commencement of this action constituted a cloud on defendant's title. But the court found that defendant never at any time offered in writing or otherwise to pay and discharge defendant's said mortgage indebtedness to plaintiff on the condition set out in the answer or at all, and that plaintiff never at any time ''refused or neglected to accept or comply with any offer of payment of the money due her on said note''; and also found that defendant was not, prior to the commencement of this action, or at any time, able and willing to pay to plaintiff the whole amount of principal and interest of said note upon the terms and conditions alleged by defendant, or upon any conditions whatever, and further, that plaintiff never knew at any time that said defendant was ever able or willing to pay said indebtedness on any terms or conditions.

The alleged tender of payment prior to the commencement of this action may be dismissed from consideration, as the findings negative these averments.

It does not appear when or how defendant acquired title to the premises. His mortgage was executed to plaintiff in 1903, eight years after the transaction between plaintiff and Jacobs, when title appears to have been in plaintiff. As plaintiff's title passed to Jacobs in 1895, defendant became the owner subsequently, either through Jacobs or his grantee, and took title subject to the lien of which he complains, and it nowhere appears that this lien is not rightfully a subsisting encumbrance on the property. We cannot see how defendant would have a right in this or any other action to have it released and discharged without first showing that the debt, to secure which the lien was created, has been paid.

The only remaining question is whether the tender of payment made in the answer was such as to require the court to deny plaintiff the right to attorneys' fees and costs of the action. It will be observed that the tender came for the first time some time after the complaint was filed and was

made in the answer thereto. The court found that the previous alleged tenders were never made. The tender by answer necessarily came after plaintiff had incurred costs and had become liable for attorneys' fees. No money was deposited in court with the tender, and defendant did not aver his ability to make good the tender then or ever. The suit having been commenced, the offer should have been made pursuant to section 997, Code of Civil Procedure, and should have been to allow judgment to be taken for the amount then due, with costs incurred. The Civil Code provides that an offer of performance, which this was intended to be, must be made in good faith and in the "manner as most likely, under the circumstances, to benefit the creditor" (sec. 1493) ; and "must be free from any conditions which the creditor is not bound, on his part, to perform" (sec. 1494) ; "and is of no effect if the person making it is not able and willing to perform according to the offer" (sec. 1495). (See *Horan v. Harrington*, 130 Cal. 142, [62 Pac. 400].)

We can discover no merit in any of the points made by appellant.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.