[Civ. No. 766. Second Appellate District.—March 16, 1910.]

## E. K. FOSTER, Respondent, v. FRED W. BEAU DE ZART, Appellant.

ACTION ON NOTE—CONSIDERATION—MONEY ADVANCED TO PAY UP STOCK PURCHASED ON MARGIN—COLLATERAL SECURITY—CONTRACT NOT IN-VALID.—Where a note sued upon was in consideration of money advanced by plaintiff to enable defendant to pay up stock originally purchased by defendant from a broker upon margin, which was so paid up and transferred to plaintiff to secure the note, the contract as between the plaintiff and defendant was not invalid, as being prohibited by statute, and cannot be regarded as a gambling contract.

ID.—MONEY ADVANCED IN GOOD FAITH—RECOVERY NOT DEFEATED BY KNOWLEDGE OF ORIGINAL MARGINAL CONTRACT.—Plaintiff having in good faith advanced to defendant money with which to complete the contract for the purchase of the stock, recovery of such advancement could not be defeated simply because plaintiff had a

general knowledge of the marginal character of the contract as between the defendant and the broker, where there is nothing in the record indicating any *irregularity or invalidity of the contract entered into between plaintiff and defendant.

ID.—NOTE PAYABLE ON DEMAND—EVIDENCE—WAIVING DEMAND BEFORE SUIT.—Where the note was payable on demand, and, in addition to the evidence of plaintiff that he demanded payment before suit, there is evidence in the record tending to show that before suit defendant refused payment of the note and demanded a return of the stock with the money he had paid on it, such action on the part of the defendant was a waiver of any demand, which is not required when it appears that it would have been unavailing.

ID.—ASSIGNMENT AND REASSIGNMENT OF NOTE.—It is held that an assignment of the note to a third party by the plaintiff, and a reassignment thereof to the plaintiff before suit, were each regularly made; and that it is sufficient to support the action that plaintiff was the owner and holder of the note when it was commenced.

ID.—ALLOWANCE OF INTEREST.—It is held that there was no error in the allowance of interest on the demand note and on a balance due thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George R. Davis, Judge.

The transcript shows that the demand note specified no interest, but that legal interest was calculated from its date, April 14, 1908, to the date of the sale of hypothecated stock, November 25, 1908, and the application of the proceeds, and legal interest was allowed on the residue to the date of judgment. Further facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

H. C. Millsap, for Respondent.

ALLEN, P. J.—The action was one to recover the unpaid balance upon a promissory note executed by defendant to plaintiff. Defendant, admitting the execution of the note, alleged that there was no consideration therefor, and that the same was executed by defendant to plaintiff to secure certain margins on stocks. By way of cross-complaint, defendant set up the purchase from plaintiff by defendant of 34,000 shares

of mining stock on a margin, and that pursuant to an agreement that it would be necessary for defendant to pay additional margins from time to time, the note set out in the complaint was executed and 63,500 shares of mining stock were deposited with plaintiff as collateral thereto; that plaintiff keeps and retains said stock, notwithstanding the invalidity of the note and of the transaction and refuses to surrender the same upon demand; and he prays judgment for the value of such stock. In various other separate counts of the cross-complaint defendant sets up the payment by him to plaintiff of various sums by way of margins upon the stock transaction between them, and asks for judgment for the amount of such margin payments. Issue is tendered by the plaintiff on all the matters set out in the cross-complaint.

Upon the trial, the court found that the note was executed for a valuable consideration; that it was not executed or delivered to secure the payment of any margin or margins on stock, but, on the contrary, was executed in consideration of money loaned; that no sums by way of margin or margins were ever paid by defendant to plaintiff; that no stock or stocks was deposited as security by defendant for any margin or margins; that while the stock set forth was delivered by defendant to plaintiff as collateral security for the note, plaintiff under the terms of the note, before commencement of the action, sold the stock so hypothecated as security, and that the sum remaining as the proceeds of said sale after payment of costs of sale was $1,365.25 and no more, which amount was duly credited upon said note; that the price at which such stock was sold was the highest market value of said stock on said date; that the stock mentioned in the cross-complaint had not been converted by plaintiff, and that a balance of $1,771.30 remained unpaid upon said note, for which sum, with attorney's fees amounting to $171.80, judgment was rendered. Defendant moved for a new trial, which was denied, and this appeal is prosecuted from the judgment and an order denying a new trial.

It appears from the statement that defendant had bought from one Blagge, a broker, on margin certain shares of stock and had paid to Blagge certain sums by way of margin upon such purchase, and that the amount of $2,957.55 remained unpaid on account of the stock purchased. Plaintiff testifies that

he knew nothing of the details of the purchase, but did know in a general way that the stock had been purchased upon margins and had seen a memorandum showing the various amounts paid to Blagge; that defendant represented to plaintiff that it would be necessary for him to have the amount mentioned in the note, which was then owing to Blagge, in order to take up the stock. Plaintiff agreed with defendant that if he would deposit the stock so purchased, with certain other stock as collateral, he would advance the amount of money necessary to take up the stock from Blagge. Pursuant to this plaintiff did advance the amount of money mentioned in the promissory note, the stock was taken up and the transaction with Blagge closed. Plaintiff actually paid out the sum mentioned in the note on account of the delivery of the stock to him, plaintiff testifying that the whole transaction was in good faith and a *bona fide* loan of the amount mentioned in the promissory note to defendant to enable him thus to complete the purchase of the stock so originally purchased upon margin. From this it is claimed by appellant that the contract between plaintiff and defendant was founded on an illegal consideration, that it was a gambling contract and no recovery can be had under it; and, in this connection, he attacks the testimony of plaintiff, which is uncontradicted, as being insufficient to support the finding of the court. As to this last proposition, it is sufficient to say that there is some testimony in the record warranting the finding of the court, and the same will therefore be sustained. We are not of the opinion that, under the facts disclosed, the transaction between plaintiff and defendant is prohibited by statute, or that the same may be regarded as a gambling contract. Plaintiff having in good faith advanced to defendant money with which to complete the contract for the purchase of the stock, recovery of such advancement could not be defeated simply for the reason that plaintiff had a general knowledge of the marginal character of the contract as between defendant and the broker. There is nothing in the record indicating any irregularity or invalidity of the contract entered into between plaintiff and defendant.

The note set out in the complaint was payable on demand, and it is claimed that there is no evidence in the record showing a demand before suit was brought. There is evidence in the record, however, tending to show that before the suit was

brought Beau de Zart refused payment of the note and demanded a return of the stock with the money he had paid on it. Demand is not required when it appears that it would have been unavailing. In addition to this, plaintiff testifies that he did make a demand.

There is in the record a point sought to be made with relation to the regularity of an assignment of the note by plaintiff to one Wagy and by Wagy back to plaintiff. There is sufficient in the record to warrant the finding of the court that such assignments were made, and that plaintiff was the holder and owner of the note at the time suit was brought.

There was no error in the court rendering judgment for interest. (*O'Neil* v. *Magner,* 81 Cal. 631, [15 Am. St. Rep. 88, 22 Pac. 876].)

We see no prejudicial error in the record, and the judgment and order are affirmed.

Taggart, J., and Shaw, J., concurred.