[L. A. No. 3447.   Department Two.—November 19, 1915.]

A. S. FELL, Appellant, v. ANDY FRIERSON et al., Respondents.

PROMISSORY NOTES — CHATTEL MORTGAGE — TENDER AFTER ACTION BROUGHT—INSUFFICIENT TENDER—COSTS AND COUNSEL FEES.— In an action to foreclose a chattel mortgage securing the payment of two notes with interest, costs and counsel fees, a tender by defendant of an amount less than the recovery after the complaint was filed, refused by plaintiff as insufficient in amount, will not prevent a recovery of costs and counsel fees by plaintiff under section 1030 of the Code of Civil Procedure, because the tender was insufficient in amount and was made after action brought, and under the contract attorney fees were provided and should have been allowed, as plaintiff was within his rights in commencing the action.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Frank Birkhauser, for Appellant.

W. H. Sprauge, for Respondents.

HENSHAW, J.—Plaintiff sought to foreclose a chattel mortgage given as security for the payment of two promis-

sory notes, the principal sums of which notes in the aggregate exceed three hundred dollars. The notes made provision for the payment of attorney's fees "should suit be commenced to enforce the payment." Plaintiff in his action of foreclosure sought a recovery for the amount of the notes with interest, costs and attorney's fees. Defendant made a tender of the sum of $153.50 to the clerk of the court and filed an answer alleging that this was all that was due and that the notes and the mortgage declaring an indebtedness in a greater amount were secured by fraud. Defendant's tender was rejected, the ground of rejection being stated, and that ground was that the amount of the tender was insufficient. The court found that the defendant Frierson violated all the terms and conditions of his chattel mortgage, that there was due to plaintiff upon account of the note and mortgage $179.85 principal and $8.39 interest, or a total of $188.24, and that this was a valid lien upon the property. It found that defendant had tendered the sum of $153.50, and further found "that by reason of such tender above mentioned plaintiff is not entitled to recover from said defendant Andy Frierson any costs, percentage nor attorney fee nor necessary disbursements herein in the foreclosure of this chattel mortgage." The judgment followed these findings and plaintiff appeals.

By the findings of the court the tender was insufficient, and could not operate to preclude plaintiff from recovering his costs. (Code Civ. Proc., sec. 1030.) It was not only insufficient in amount, but it was made after action brought. The contract for attorney's fees was a valid and enforceable contract. (Code Civ. Proc., sec. 1021; Civ. Code, sec. 3088.) It is manifest that plaintiff was not only within his rights in commencing the action, but even that it was necessary for him so to do, and under these circumstances costs and attorney's fees should have been allowed him. (*Clemens* v. *Luce*, 101 Cal. 432, [35 Pac. 1032]; *Brooks* v. *Forington*, 117 Cal. 219, [48 Pac. 1073]; *Klokke* v. *Escailler*, 124 Cal. 297, [56 Pac. 1113].)

The judgment is reversed, with directions to the trial court to enter its judgment in conformity with the foregoing.

Melvin, J., and Lorigan, J., concurred.