[Civ. No. 3385. Second Appellate District, Division Two.—October 7, 1921.]

SAM E. ROTTMAN, Trustee, etc., Appellant, v. FRANK D. HEVENER, Respondent.

[1] PROMISSORY NOTE—PAYEE—NEGOTIABILITY.—A promissory note not made payable to order or to bearer is non-negotiable.

[2] ID.—PAYMENT ON DEMAND—WHEN DUE AND PAYABLE—BREACH—STATUTE OF LIMITATIONS.—A promissory note made payable "on demand, after date, without grace" is due and payable immediately, and if it is not immediately paid the debtor breaches his contract to pay, and the statute of limitations at once begins running in his favor.

[3] ID.—DEMAND AND PRESENTMENT UNNECESSARY.—Where a promissory note, either negotiable or non-negotiable, is made payable on demand, no actual demand or presentment is necessary before bringing suit.

[4] ID.—RIGHT TO ATTORNEY'S FEES—DEMAND UNNECESSARY.—Where the maker of a promissory note payable on demand expressly

3. Presentment and demand at place named as condition precedent to suit against maker of demand note, note, 7 **Ann. Cas.** 693.

waives demand, no demand is necessary to entitle the holder to recover the attorney's fees provided for in the note.

[5] ID.—PAYMENT ON DEMAND—ORAL AGREEMENT INEFFECTIVE.—In the absence of allegation and proof that the words in a promissory note to the effect that the note is payable on demand and that demand is waived were inserted in the paper through fraud or mistake, the terms of such note cannot be affected by an alleged contemporaneous oral agreement that the note would become ·due and payable only on demand.

[6] ID.—WAIVER OF DEMAND—CUSTOM—EVIDENCE.—In an action on a promissory note made payable on demand, but which contains an express waiver of demand, it is error to permit the defendant, over plaintiff's objection, to introduce evidence of a custom among bankers to demand payment on such notes before bringing suit.

[7] ID.—ABILITY AND WILLINGNESS TO PAY—INSUFFICIENT TENDER— RECOVERY OF COSTS.—Where neither presentment nor demand is necessary, the ability and willingness of the maker to pay a demand note conditioned upon such unnecessary acts cannot be deemed the equivalent of a tender, and will not defeat the holder's right to recover his costs in an action on such note.

[8] ID.—DEPOSIT AFTER SUIT—WANT OF DEFENSE.—The deposit in a bank after suit brought, of the principal and accrued interest on a promissory note is neither available as a defense to the action nor operative to deprive the plaintiff of his right to costs.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

M. C. Atchison for Appellant.

Alfred Blaisdell and Louis Lamy for Respondent.

FINLAYSON, P. J.—On March 15, 1919, defendant signed and delivered to plaintiff an instrument as follows:

"$1100.00          Calexico Cal. 3–15 1919.

"On demand, after date, without grace, for value received I promise to pay to Sam E. Rottman, trustee, at the International Bank of Calexico, California, at its banking house in Calexico, the sum of Eleven Hundred Dollars, with interest, from date, payable quarterly, at the rate of 10 per cent per annum, until paid, and attorney's fees of 10 per cent on the amount then unpaid, and twenty dollars if suit be commenced or other proceedings taken to enforce the pay-

ment of this note. Should the interest be not paid when due, it shall be compounded every ninety days thereafter and bear the same rate of interest as the principal. Principal and interest payable in gold coin of the United States of America of the present standard. The makers and indorsers of this note hereby waive demand, diligence, protest and notice.

"FRANK D. HEVENER."

This action was brought on December 10, 1919, to recover the principal and accrued interest and the attorney's fees provided for by the foregoing writing. The trial court gave a judgment that plaintiff take nothing and that defendant recover his costs. From that judgment plaintiff appeals.

[1] The paper in controversy is not made payable either to order or to bearer. "The instrument to be negotiable must be made payable to order or to bearer." (Civ. Code, sec. 3082, subd. 4, as amended by Stats. 1917, p. 1532.) Under the construction that has uniformly been placed upon this section of the Negotiable Instruments Law, the paper in question is non-negotiable. (*Johnson* v. *Lassiter,* 155 N. C.. 47 [71 S. E. 23]; *Gilley* v. *Harrell,* 118 Tenn. 115 [101 S. W. 424].)

In many respects the facts of this case are similar to those presented in *Rottman* v. *Hevener, ante,* p. 474 [202 Pac. 329]. The defenses interposed by defendant's answer and found by the court in his favor are: (1) Contemporaneously with its execution, plaintiff orally represented to defendant that before the note should become due or payable demand for payment would be made, but no presentment or demand was made before the action was brought; (2) at all times since he made the note defendant has been able, ready, and willing to pay it, *upon its being presented to him for payment;* and (3) on December 12, 1919, upon learning that the action had been commenced, defendant deposited with the International Bank of Calexico, to plaintiff's credit, an amount equal to the principal and accrued interest of the note, and caused notice thereof to be given plaintiff.

[2] It seems proper, in dealing with this controversy, first to consider the effect of the writing irrespective of the alleged oral agreement. By the express terms of the instrument it is payable "on demand, after date, without grace." Moreover, the writing expressly declares that "de-

mand'' is waived. The words ''on demand,'' when used
with reference to the time for payment under an ordinary
obligation to pay money, have a plain, distinct, clearly de-
fined, legal, and popular signification, well known to the
courts and to the people. When an obligation for the pay-
ment of money under a contract such as we have here
contains a provision that it is payable ''on demand,'' or
''on call'' (which is the same thing), the debt is payable
presently, that is, it is due immediately; and if not immedi-
ately paid the debtor breaches his contract to pay, and the
statute of limitations at once begins running in his favor.
(*Omohundro's Exr.* v. *Omohundro*, 21 Gratt. (Va.) 626;
*Bowman* v. *McChesney*, 22 Gratt. (Va.) 609; *Bacon* v.
*Bacon*, 94 Va. 687 [27 S. E. 576]; *Cotton* v. *Reavill*, 2 Bibb
(Ky.), 99.) ''On demand after date,'' particularly when,
as here, the interest is payable ''from date,'' has been de-
fined as equivalent to ''on demand,'' rendering a note so
payable due immediately after its delivery. (*Hitchings* v.
*Edmands*, 132 Mass. 338, 339; *O'Neill* v. *Magner*, 81 Cal.
631 [15 Am. St. Rep. 88, 22 Pac. 876].) It follows, there-
fore, that if we look only to the terms of defendant's writ-
ten contract, it must be held that his debt to plaintiff be-
came due and payable immediately upon the delivery of the
instrument.

[3] If defendant's contract be that which is evidenced
by his written promise, no previous presentment or demand
was necessary. It is well settled that in an action by the
payee against the maker of a negotiable promissory note,
payable on demand, no actual demand or presentment is
necessary before bringing suit. (*Cousins* v. *Partridge*, 79
Cal. 224 [21 Pac. 745]; *O'Neill* v. *Magner, supra; Jones* v.
*Nicholl*, 82 Cal. 32 [22 Pac. 878]; Negotiable Instruments
Law, Civ. Code, sec. 3151, as amended in 1917, Stats. 1917,
p. 1543.) The same rule obtains where the paper is non-
negotiable. That is, under the well-settled principle that an
obligation for the payment of money on demand is due imme-
diately, no actual demand is necessary, irrespective of whether
the obligation to pay is evidenced by a negotiable or a non-
negotiable instrument. (*Cotton* v. *Reavill, supra; Board
of County Commrs.* v. *Sloan*, 5 Colo. 38; *Knight* v. *Bras-
well*, 70 N. C. 709.) Moreover, defendant's written con-
tract expressly declares that ''the makers and indorsers of

this note hereby waive *demand,* diligence, protest and notice.'' This express waiver is equivalent to a contract that the debt shall be payable without any previous demand.

There seems to be authority for the proposition that because attorney's fees; when provided for in a promissory note, are "special damages" they are payable only in case of default, and that, therefore, to warrant a recovery of such "special damages" a previous demand for payment of the principal and accrued interest must be made even though the note be a demand note. (See *Prescott* v. *Grady,* 91 Cal. 518 [27 Pac. 755].) Without questioning the correctness of this proposition, we are of the opinion that it is not applicable to the facts of this case. [4] Here the maker of the note expressly waived demand. This waiver applied to every sum that defendant promised to pay—to attorney's fees as well as to the principal and interest of the note. The liability to pay attorney's fees arose, therefore, coincidently with the right to bring action on the note, which was at any time after its execution; and a prior demand or notice was no more essential with respect to counsel fees than it was with respect to the collection of the principal. (See *Wienke* v. *Smith,* 179 Cal. 227 [176 Pac. 42].)

[5] Turning now to a consideration of the oral agreement alleged to have been made at the time when the note was executed: We think it clear that defendant's obligation to pay must be measured solely by the terms of his written contract, unaffected by the contemporaneous oral agreement. The paper seems to have been prepared by the defendant himself and to have been brought by him to plaintiff and then delivered to the latter. There is no allegation or proof that the words of the instrument to the effect that the note is payable on demand, i. e., immediately, and that demand is waived, were inserted in the paper through fraud or mistake; there is no averment that the alleged oral agreement was omitted from the writing through fraud or mistake; the bald proposition is that defendant should be permitted to show that his contract is not that which is evidenced by the instrument that he himself worded and prepared, but one radically different. Defendant, during the course of his cross-examination, on being asked what was said by himself and plaintiff at the time when the paper

was delivered, testified: "My best recollection is that the substance of the conversation was, 'I will make this a demand note; any time you want this money, make a demand and I will pay.' " His testimony does not disclose whether plaintiff acceded to this suggestion or not. However, assuming that plaintiff did acquiesce in defendant's suggestion that payment should be made only after a demand therefor, nevertheless, for the reasons stated in *Rottman* v. *Hevener, supra,* the oral agreement was ineffective to alter the legal effect of the written contract or to excuse defendant's failure to make payment before suit brought.

[6] The lower court permitted defendant, over plaintiff's objection, to introduce evidence of a custom among bankers to demand payment on demand notes before bringing suit. This was error. Custom may be proved to interpret but not to establish a contract. Where the terms of the contract are clear and unambiguous, they cannot be varied or contradicted by evidence of custom or usage. (Code Civ. Proc., sec. 1870, subd. 12; *Withers* v. *Moore,* 140 Cal. 591, 597 [74 Pac. 159].) Custom may be of aid in many instances where it is apparent that something needs explanation, but custom cannot be invoked to the point of permitting evidence of it to vary the express terms of a written contract. Here the writing is certain in all its terms. It contains an express waiver of demand. There is no room for interpretation or construction. The instrument speaks for itself in no uncertain voice.

[7] The court found that at all times since the execution of the note "defendant has been able, ready and willing to pay said note and any and all accrued interest, upon the said presentment or exhibit or demand for the payment thereof." This is tantamount to a finding that only upon presentment or demand was defendant willing to pay the note. But, as neither presentment nor demand was necessary, an ability and willingness to pay conditioned upon such unnecessary acts cannot be deemed the equivalent of a tender, even if we should assume that mere ability, readiness, and willingness, without more, may be tantamount to a tender. If, before the commencement of the action, defendant had actually tendered to plaintiff the full amount of principal and accrued interest, and if, availing himself of the privilege afforded by section 1030 of the Code of

Civil Procedure, he had alleged in his answer the making of such tender and had deposited in court, for plaintiff, the amount so tendered, he would have defeated plaintiff's right to recover costs. But none of these acts did he do.

[8] Had the deposit in the bank to plaintiff's credit been made, and notice thereof given, *before* plaintiff had commenced his action, such deposit and notice could have been pleaded as payment and an extinguishment of defendant's obligation. (Civ. Code, sec. 1500.) But the deposit in bank of the principal and accrued interest *after* suit brought was neither available as a defense nor operative to deprive plaintiff of his right to costs. When plaintiff commenced his suit he had a good cause of action, and, therefore, was entitled to recover attorney's fees and costs as well as the principal and interest due on the note. The deposit in the bank and notice thereof could not defeat his right to such recovery. (See *Fell* v. *Frierson,* 171 Cal. 351 [153 Pac. 229].) Had defendant, before the trial or judgment, served upon plaintiff an offer to allow judgment to be taken against him for the principal and interest of the note, attorney's fees and the costs incurred by plaintiff to the date of such offer, he might have defeated plaintiff's right to recover costs and have been entitled to his own costs from the date of such offer. (Sec. 997, Code Civ. Proc.) But this defendant did not do; and his deposit in the bank after suit commenced was ineffective for any purpose.

The judgment is reversed.

Works, J., and Craig, J., concurred.